MARISA A. POCCI, ESQ.
Nevada Bar No. 10720
LILITH V. XARA, ESQ.
Nevada Bar No. 13138
**LITCHFIELD CAVO LLP**
3993 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169
Telephone: (702) 949-3100
Facsimile: (702) 916-1776
Pocci@LitchfieldCavo.com
Xara@LitchfieldCavo.com
*Attorneys for Defendant*
*LTF Club Operations Company, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CHARLES FARBER, ADMINISTRATOR OF THE ESTATE OF BRANDON HARRISON FARBER, deceased,

Plaintiff,

v.

LTF CLUB OPERATIONS COMPANY, INC., a foreign corporation; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive,

Defendants.

Case No.:  2:26-cv-00367-JAD-DJA

**JOINT STIPULATION AND ORDER TO STAY DISCOVERY AND HOLD THE DEADLINES SET FORTH IN THE SCHEDULING ORDER, ECF NO. 19, IN ABEYANCE PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS, ECF NO. 7**

Plaintiff Charles Farber, Administrator of the Estate of Brandon Harrison Farber, deceased, and Defendant LTF Club Operations Company, Inc. dba LIFE TIME FITNESS, by and through their respective undersigned counsel, hereby stipulate and agree, subject to Court approval, to a stay of discovery and to hold the deadlines set forth in the Scheduling Order (ECF No. 19) in abeyance pending the Court's resolution of Defendant's Motion to Dismiss (ECF No. 7), including the potential filing of any further responsive pleadings, and respectfully request that the Court enter the proposed order below.

The parties state that Defendant filed its Motion to Dismiss on February 20, 2026 (ECF No. 7). Plaintiff filed an Opposition on March 9, 2026 (ECF No. 9), and Defendant filed a Reply on March

1

16, 2026 (ECF No. 10). The motion is fully briefed and presently pending before the Court. The scope of discovery remains legally uncertain because the Motion to Dismiss is pending and Defendant has not filed an Answer or Affirmative Defenses. The parties dispute the applicability and enforceability of the Member Usage Agreement and its assumption-of-risk, waiver-of-liability, and related provisions. Defendant's Motion to Dismiss seeks a ruling on whether these provisions bar or limit Plaintiff's claims, an issue Plaintiff contends is a matter outside the pleadings and improper for consideration on a Rule 12(b)(6) Motion to Dismiss. Notwithstanding this disagreement, the parties agree that because the Motion to Dismiss is pending and an Answer has not yet been filed, the ultimate scope of the claims and affirmative defenses remains uncertain. Consequently, proceeding with merits discovery now risks unnecessary or duplicative effort and expense.

The parties further state that, on April 22, 2026, the Court entered the Scheduling Order (ECF No. 19). Under that order, the deadline to amend pleadings and add parties is July 7, 2026, initial expert disclosures are due August 6, 2026, rebuttal expert disclosures are due September 8, 2026, discovery closes October 5, 2026, dispositive motions are due November 4, 2026, and the proposed joint pretrial order is due December 4, 2026.

The parties further state that good cause exists to temporarily stay discovery and hold the deadlines set forth in ECF No. 19 in abeyance while the Motion to Dismiss remains pending and the pleadings remain open. While the parties disagree as to whether the Motion raises threshold issues that can be resolved without discovery, they agree that a temporary stay is appropriate to preserve resources while the Motion is pending and the scope of the claims and affirmative defenses remains uncertain. Proceeding with discovery now risks unnecessary and potentially duplicative effort and expense, including written discovery, depositions, third-party discovery, expert disclosures, and any resulting discovery motion practice that may become wholly or partially moot depending on the Court's ruling. Furthermore, without an answer and affirmative defenses, the parties may have to repeat discovery on overlapping matters which are not ripe for discovery. The parties agree that a temporary stay of discovery is appropriate to preserve resources while the Motion to Dismiss is pending. However, this stay is not an admission by Plaintiff that the issues raised in the Motion can be fully resolved without merits discovery, and Plaintiff expressly reserves all rights to conduct discovery should the Motion be

denied in whole or in part.

The parties agree that this stipulation is intended to avoid waste and preserve resources during the pendency of the Motion to Dismiss, and not to prejudice either party. If the Motion to Dismiss is denied in whole or in part, the parties will promptly resume case activity and work cooperatively to propose a revised schedule.

Accordingly, the parties stipulate and respectfully request that the Court order as follows: discovery in this case is stayed, including written discovery, depositions, expert discovery, third-party discovery, and subpoenas, as well as any obligation to serve supplemental disclosures or expert disclosures during the pendency of the stay; and the deadlines set forth in the Scheduling Order (ECF No. 19), including the July 7, 2026 deadline to amend pleadings and add parties, the August 6, 2026 initial expert disclosure deadline, the September 8, 2026 rebuttal expert disclosure deadline, the October 5, 2026 discovery cut-off, the November 4, 2026 dispositive motion deadline, and the December 4, 2026 proposed joint pretrial order deadline, are held in abeyance pending the Court's resolution of Defendant's Motion to Dismiss (ECF No. 7). Within fourteen days after the Court enters an order resolving ECF No. 7, the parties will file a joint status report proposing the next procedural steps, including submission of an amended discovery plan and scheduling order if necessary.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

This stipulation is entered into without waiving, limiting, or prejudicing any claim, defense, or argument of any party regarding the Motion to Dismiss, the merits, or any other issue in this action.

Dated: April 24, 2026

**LITCHFIELD CAVO LLP**

_____
MARISA A. POCCI, ESQ.
Nevada Bar No. 10720
LILITH V. XARA, ESQ.
Nevada Bar No. 13138
3993 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169
T: (702) 949-3100/F: (702) 916-1776
Pocci@LitchfieldCavo.com
Xara@LitchfieldCavo.com
*Attorneys for Defendant*
*LTF Club Operations Company, Inc.*

Dated: April 24, 2026

**RAICH LAW PLLC**

/s/        *Todd L. Swift*_____
SAGAR RAICH, ESQ.
Nevada Bar No. 13229
TODD L. SWIFT, ESQ.
Nevada Bar No. 13595
2280 E. Pama Lane
Las Vegas, NV 89119
Telephone: (702) 758-4240
Facsimile: (702) 998-6930
Email: sraich@raichattorneys.com
Email: tswift@raichattorneys.com
*Attorneys for Plaintiff*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: _4/27/2026_____

4